UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SAMUEL D. ROSEN,                             CIV. ACTION NO. 0:13-cv-61316-JIC

        Plaintiff,

vs.

ALLEN BOZEK, CHARLOTTE
ENGLEMAN, ROBERT GUIDA,
BARBARA TATE, AND JOHN
DOES 1-5,

        Defendants,

and

THE CITY OF FORT LAUDERDALE,
Additional party for relief purposes only,

        Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT AND MEMORANDUM OF LAW

Defendant, CITY OF FORT LAUDERDALE (the "City"), by and through its undersigned counsel and pursuant to Rule 12(b)(6), Fed. R. Civ. P., and Southern District Local Rule 7.1, files this its Motion to Dismiss Plaintiff's Amended Verified Complaint for failure to state claims upon which relief can be granted as to this Defendant based upon the following grounds:

1.     Plaintiff's inclusion of the City as a Defendant in this action is for the alleged purpose "so that complete relief may be awarded to Plaintiff." (Amended Verified Complaint [DE #4] ("Complaint"), ¶ 13). Plaintiff elsewhere concedes that he

"seeks no monetary damages against the City but only [seeks] that they be included in the injunction to be entered." (Id., ¶ 31).

2.      Plaintiff seeks "a permanent injunction restraining and enjoining Defendants from further violation of plaintiff's rights" as to each of his three claims. (See id., pp. 10-11).

3.      Plaintiff's Complaint contains no allegations that the City, its officials or employees engaged in any of the actions which Plaintiff complains violated his rights.

4.      Instead, Plaintiff's sole allegation as to the City is that the City "engaged in a joint venture, evidenced by written documents" with the Fort Lauderdale Bridge Club ("FLBC") in the operation of that club on City property in Holiday Park. (Id., ¶ 10).

5.      Plaintiff neither attaches any written document evidencing a joint venture as an exhibit to the Complaint, nor does he allege a single term of any such document. Plaintiff's allegations that the City determines the services to be offered, along with times and schedules of bridge games, and dictates the terms for the public to become members of the FLBC (see id.), while unsupported by written documentation, are in any event woefully inadequate to establish a joint venture as a matter of law.

6.      Because it is clear that no joint venture can be established as would subject the City to liability for the actions of the FLBC or its members, the City is entitled to dismissal with prejudice.

7.      In addition, Plaintiff's allegations fail to establish any basis for imposing liability against the City under 42 U.S.C. § 1983 or for any alleged violation of the Florida Constitution.    Plaintiff's Complaint also fails to include any allegations supporting Plaintiff's conclusory assertion that the City's inclusion as a party Defendant

is necessary to award "complete relief" to Plaintiff. Plaintiff's Complaint should be dismissed for these additional reasons.

**MEMORANDUM OF LAW**

**I.      Plaintiff's Allegations Fail to Establish the Existence of a Joint Venture.**

This Court has previously declined to find that mere allegations of a joint venture were sufficient to enable the Court to conclude that joint and several liability had been established through a joint venture in Burger v. Hartley, 896 F. Supp. 2d 1157 (S.D. Fla. 2012). There, the Court noted that under Florida law, a joint venture is a form of partnership, the essential elements of which are as follows:

> (1) a community of interest in the performance of a common purpose;
> (2) joint control or right of control;
> (3) a joint proprietary interest in the subject matter;
> (4) a right to share in the profits and
> (5) a duty to share in any losses which may be sustained.

Id. at 1167-68 (quoting Chase Manhattan Mortg. Corp. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., 694 So. 2d 827, 831 (Fla. 4th DCA 1997)) (internal quotation marks omitted).

This Court also noted that "[a] joint venture must arise out of a contract, either express or implied," and that, "[t]he party which alleges the existence of a joint venture, bears 'the burden of both alleging and proving that an agreement or contract supports the relationship.'" Burger, 846 F. Supp. 2d at 1168 (quoting Kislak v. Kreedian, 95 So. 2d 510, 515 (Fla. 1957)). This Court's Order in Burger also included other quotes from Florida case law that, "[t]he burden of establishing the existence of such contract, including all of its essential elements, is indeed, as it should be, a heavy and difficult one," and that "Florida courts have interpreted these requirements to preclude a finding

3

that a partnership or joint venture exists where any factor is missing." Id. (citations omitted) (emphasis added).

In Belik v. Carlson Travel, 864 F. Supp. 2d 1302, 1313 (S.D. Fla. 2011), the court dismissed a complaint which "simply alleges in conclusory fashion that a joint venture existed" with "no factual support demonstrating" the five required elements to establish the existence of a joint venture. The court further reiterated the repeated instruction of the Eleventh Circuit that "facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim . . . should . . . be resolved before discovery begins." Id. (citation and internal quotation marks omitted).

Here, Plaintiff's allegation that "FLBC claims to be a Florida not-for-profit corporation" (Complaint, ¶ 10) alone demonstrates that the last three elements required to establish a joint venture do not exist. See also Williams v. Obstfeld, 314 F.3d 1270 (11th Cir. 2002); Jackson-Shaw Co. v. Jacksonville Aviation Auth., 510 F. Supp. 2d 691, 727-31 (M.D. Fla. 2007).

The foregoing establishes that Plaintiff has not alleged and cannot allege facts sufficient to establish the existence of a joint venture between the FLBC and the City as a matter of law. Therefore, Plaintiff's claims against the City should be dismissed with prejudice.

## II.    Plaintiff's Allegations Fail to Establish § 1983 Liability Against the City.

Plaintiff purports to assert "a claim under 42 U.S.C. § 1983 against all Defendants for retaliatory conduct" in his "First Claim for Relief." (Complaint, ¶ 33) (emphasis added). Plaintiff also alleges that "[t]he actions of FLBC as well as those of its agents and representatives, as alleged here, are the actions of the City as well in that said actions

were undertaken by the City's joint venturer, ostensibly in furtherance of said joint venture." (Complaint, ¶ 30) (emphasis added). Plaintiff incorporates this allegation into both putative claims for relief asserted against the City. (See Complaint, ¶¶ 32, 34).

Despite Plaintiff's allegation that he is asserting a § 1983 claim against "all Defendants" – apparently including the City – Plaintiff has not alleged any conduct on the part of the City which would support a § 1983 claim against the City. Indeed, Plaintiff does not allege that the City did anything wrong and characterizes the City as an "additional party for relief purposes only." (See Complaint, p. 1 caption).

Furthermore, Plaintiff's attempt to hold the City vicariously liable for the alleged actions of the FLBC and its members (see Complaint, ¶ 30) fails as a matter of law. See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer."); Goebert v. Lee Cnty., 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including respondeat superior, in § 1983 actions."); Skop v. City of Atlanta, 485 F.3d 1130, 1145 (11th Cir. 2007) ("[I]t is by now axiomatic that in order to be held liable for a § 1983 violation, a municipality must be found to have itself caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory.") (emphasis in original).

Under the Supreme Court's § 1983 jurisprudence, "municipalities may not be held liable 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" Collins, 503 U.S. at 120-21 (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). In other words, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may

fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell</u>, 436 U.S. at 691.

Accordingly, the "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989). Here, the allegations in Plaintiff's Complaint fail to satisfy the "first inquiry" in that Plaintiff fails to allege the existence of any City policy or custom, much less that any such custom or policy caused Plaintiff's alleged constitutional violations.

Thus, Plaintiff's Complaint fails to allege any basis for imposing liability against the City under § 1983.

**III.    <u>Plaintiff's Second Claim for Relief Fails to State a Claim Against the City.</u>**

Plaintiff purports to assert a "Second Claim for Relief" against "all Defendants" for allegedly "violating Plaintiff's rights guaranteed by the Constitution of the State of Florida, i.e. the right to bring suit without retaliation." (Complaint, ¶ 35). Plaintiff's claim, however, is insufficient to state any claim against the City upon which relief can be granted.

In the first place, Plaintiff fails to identify any specific provision in the Florida Constitution which provides a "right to bring suit without retaliation." For this reason alone, the "Second Claim for Relief" is subject to dismissal.

Moreover, to the extent Plaintiff would rely on the "access to courts" provision in Article I, section 21 of the Florida Constitution, that provision "does not create an independent civil cause of action." <u>Yachting Promotions, Inc. v. Broward Yachts, Inc.</u>, 792 So. 2d 660, 664 (Fla. 4th DCA 2001). The Fourth District has held that "[t]he

6

constitutional right of access to courts guaranteed by Article I, section 21, of the Florida Constitution, protects only rights which existed at common law or by statute prior to the enactment of the Declaration of Rights of the Florida Constitution," and that "[t]here is no common law duty not to retaliate against someone for exercising his or her right of access to the courts." Id. at 663.

Thus, Plaintiff has failed to state any claim upon which relief can be granted against the City in Plaintiff's putative "Second Claim for Relief," and Plaintiff's claims against the City should be dismissed.

## IV.    Plaintiff's Allegations Fail to Support the City's Inclusion as a Party.

Plaintiff includes the City as a party to this action for the stated purpose "so that complete relief may be awarded to Plaintiff."    (See Complaint, ¶ 13).    Plaintiff's Complaint, however, does not include any factual allegations explaining why the City's inclusion in this action is necessary for "complete relief" to be awarded.

Plaintiff simply fails to allege any valid basis for including the City as a party Defendant in this action.    Accordingly, Plaintiff's claims against the City should be dismissed. See, e.g., Buckley Towers Condo., Inc. v. Buchwald, 595 F.2d 253, 254 (5th Cir. 1979) (affirming dismissal of action as to attorney general "because no claim of any sort was alleged against him," although he was named as a "nominal" defendant and injunctive relief was sought against him).

WHEREFORE, based on all the foregoing, Defendant, the City of Fort Lauderdale, respectfully requests that this Honorable Court enter an Order granting this Motion, dismissing Plaintiff's action with prejudice as to the City of Fort Lauderdale, and providing any further relief the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

WE HEREBY certify that a copy of the foregoing was electronically submitted to the Clerk and electronically mailed to Andrew Jimenez, Esq., Jimenez Law Offices, 100 SE Third Avenue, Suite 1514, Fort Lauderdale, FL 33394; andrew@jimenezlawoffices.com, and to Carl W. Christy, Esq., Luks, Santaniello, Petrillo & Jones, 110 SE 6 Street, 20th Floor, Fort Lauderdale, FL 33301; cchristy@ls-law.com; this 8th day of August, 2013.

BILLING, COCHRAN, LYLES,
MAURO & RAMSEY, P.A.
Attorneys for Defendant

By_____
    Clark J. Cochran, Jr., Esquire
    Florida Bar No. 179614
    Jeffery R. Lawley, Esq.
    Florida Bar No. 0596027
    **ftl-pleadings@bclmr.com**
    SunTrust Center – 6th Floor
    515 East Las Olas Boulevard
    Fort Lauderdale, Fl 33301
    Telephone – 954-764-7150
    Fax – 954-764-7279