USL-00033/CP 5 /DJS:cwc

UNITED STATES SOUTHERN DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:13-CV-61316-JIC
Cohn

SAMUEL D. ROSEN,

    Plaintiff,

v.

ALLEN BOZEK, CHARLOTTE ENGLEMAN,
ROBERT GUIDA, BARBARA TATE, AND
JOHN DOES 1-5
    Defendants,

and

THE CITY OF FORT LAUDERDALE,
Additional party for relief purposes only,

    Defendant.
_____/

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

The Defendants, ALLEN BOZEK, CHARLOTTE ENGLEMAN, ROBERT GUIDA AND BARBARA TATE, the "individual Defendants," by and through undersigned counsel, file this Motion to Dismiss Plaintiff's Amended Verified Complaint pursuant to Fed. R. Civ. P 12(b)(6), and Fed. R. Civ. P. 12(b)(7). Defendants further incorporate a Memorandum of Law pursuant to S. D. Fla. Local R. 7.1. The individual Defendants also join in the Motion to Dismiss dated August 8, 2013 filed by Defendant City of Fort Lauderdale.

    1.    The parties are traveling on Plaintiff's Amended Verified Complaint dated July 10, 2013 which in a rambling fashion attempts to allege a cause of action under 42 U.S.C. §1983

1

by alleging that the individual Defendants, along with Defendant City of Fort Lauderdale, acted to punish Plaintiff for exercising his rights secured by the First Amendment to the Constitution of the United States and the Constitution of the State of Florida.  *See*  Am. Verified Compl. ¶¶1, 30.

2. Plaintiff alleges that beginning in 2010, the individual Defendants in their capacity as officers and/or members of the Board of Governors of the Fort Lauderdale Bridge Club, hereinafter "FtLBC," sought to expel Plaintiff for misconduct and for filing law suit(s)[1] against the FtLBC, its officers, manager and members.  *See* Am. Verified Compl. ¶¶6, 7, 8, 9, 15, 17, 23.

3. Plaintiff attempts to associate the activities of the individual Defendants with the City of Fort Lauderdale, hereinafter "City," to attempt to satisfy the §1983 requirements that a person act under color of state law.  42 U.S.C.A. §1983.

---

1. In Broward County Circuit Court, Samuel Rosen has filed three different law suits against the Fort Lauderdale Bridge Club, its officers and members. The first action, case number 10-19587(12) is before Judge Michael Gates. In addition to the Club, it names seven parties including the former President, Secretary, Club Manager, members of the Board of Governors and a bridge instructor who is also a member of the Club. The suit, nicknamed "Rosen 1," sounds in breach of contract, breach of fiduciary duty, violation of §617.0607 Fla. Stat., defamation and civil conspiracy. The second action, "Rosen 2," originally a derivative action, is case number 11-010801(14) and is before Judge Carlos Rodriguez. Amended in February, 2013 it names twenty-one Defendants and sounds in ten counts including two counts charging that the Club Bylaws violate Florida Statutes and as a result, an officer was improperly appointed. Count Three charges that Club officers made expenditures without permission of the Board of Governors. Counts Four through Nine allege that the Club is being mismanaged and that Club officers have improperly used Club funds to pay counsel retained to defend themselves and the Club for litigation brought by Mr. Rosen. Count Ten is a direct count sounding in breach of contract and breach of fiduciary duty. "Rosen 3," another derivative action, was filed in May, 2012. It is case number 12-12934 (02) and John Bowman is seized of this action. Rosen 3 names nine defendants including former officers named in Rosen 1 and Rosen 2. Rosen 3 also names the same former club manager named in Rosen 1 and Rosen 2. It also names the same bridge instructor/member named in Rosen 1. Rosen 3 sounds in eight counts questioning the business practices of the officers and Board of Governors managing the Club. It also challenges the continued eligibility of the Club as a non-profit organization and claims that the bridge instructor, also a member of the Florida Bar, committed malpractice and engaged in self-dealing.

4. Plaintiff claims that since 1995, the City has been engaged in a joint venture in the operation of a bridge club on City land with non-party FtLBC. *See* Am. Verified Compl. ¶10.

5. Plaintiff makes vague references to written documents, services to be offered, schedule of bridge games and the right of City to use the [FtLBC] facility for other purposes to attempt to support his claim of joint venture. *See* Am. Verified Compl. ¶10.

6. Plaintiff makes no direct reference to a contract between the FtLBC and City nor does he append any contract between City and FtLBC. For this reason and others described herein, Plaintiff fails to meet the heavy and difficult burden of adequately pleading the existence of a joint venture.

7. Additionally, Plaintiff fails to state in a short and plain statement, the essential elements of joint venture and fails to make allegations supporting a key element, that of the right to share profits and duty to share losses.

8. Plaintiff makes no allegations that City officials or employees engaged in any of the actions allegedly violating Plaintiff's rights.

9. Since Plaintiff is unable to establish that the individual Defendants acted under-color-of-state-law, he cannot proceed against the individual Defendants under 42 U.S.C. §1983.

10. Plaintiff claims his rights secured by the Constitution of the State of Florida have been violated yet he fails to identify which article or section he is traveling under. *See* Am. Verified Compl. ¶35.

11. In his Second Claim for Relief, Plaintiff alleges that he is traveling under the provision of the Florida Constitution that permits him to bring suit without retaliation. Plaintiff's argument fails because the Declarations of Rights of the Florida Constitution guarantees access to the courts for redress of wrongs but does not create an independent civil cause of action.

12. In his Third Claim for Relief, Plaintiff brings a claim against the individual Defendants for breach of fiduciary duty under the laws of the State of Florida. Pursuant to 28 USC 1367(c)(3), this Court need not reach this supplemental claim if the §1983 claim granting the Court original jurisdiction is dismissed.

13. Plaintiff's Amended Verified Complaint fails to adequately allege that the individual Defendants acted under color of state law and fails to adequately plead the existence of a joint venture between FtLBC and City. Dismissal of Plaintiff's First Claim for Relief is appropriate. Pursuant to 28 USC §1367(c)(3) this Court should decline to exercise supplemental jurisdiction on the remaining state claim(s).

14. The individual Defendants assert that Plaintiff has failed to join an indispensable party, to wit, the Fort Lauderdale Bridge Club, and for this reason, the Court should dismiss the instant matter. Fed. R. Civ. P. 12(b)(7).

15. In his Amended Verified Complaint, Plaintiff identifies as a Defendant, the Fort Lauderdale Bridge Club, yet he fails to name the FtLBC in the caption. *See* Am. Verified Compl. ¶5.

16. Plaintiff identifies each of the individual Defendants as current or former officers and/or members of the FtLBC Board of Governors. *See* Am. Verified Compl. ¶¶6, 7, 8, 9.

17 Plaintiff seeks injunctive relief against each of the individual Defendants in his prayer for judgment beneath his Third Claim for Relief. *See* Am. Verified Compl. ¶¶1c., 2c., 3c.

18. It is well settled in Florida that a corporation can only act through its officers and agents and if Plaintiff is entitled to injunctive relief, the proper person against whom Plaintiff may obtain injunctive relief is non-party Fort Lauderdale Bridge Club.

19. If the Court elects to retain jurisdiction over any of Plaintiff's claims, the individual Defendants request that the Court Order that the Fort Lauderdale Bridge Club be named as a party.

## MEMORANDUM OF LAW

I. <u>Plaintiff's Allegations Fail to Establish a Joint Venture</u>

Plaintiff claims that since 1995, City has been engaged in a Joint Venture in the operation of a bridge club on City land with non-party FtLBC. *See* Am. Verified Compl. ¶10.

In a case brought under the Racketeer Influenced and Corrupt Organization Act (RICO) the Eleventh Circuit Court of Appeals visited Joint Ventures under Florida law. The Court observed that a joint venture is a form of partnership and both types of entities are generally governed by the same rules of law. <u>Donna Lee H. Williams, Ins. Comm'r. of State of Del., as Receiver of Nat'l. Heritage Life Ins. Co. in Liquidation v. Obstfeld</u>, 314 F. 3d 1270, 1275 (11th Cir. 2002) citing <u>Kislak v. Kreedian</u>, 95 So. 2d 510, 514 (Fla. 1957).

The Court in <u>Williams</u>, *Id*., found that a joint venture must be created by express or implied contract and the contractual relationship *must* (emphasis added) consist of the following elements:  (1) a common purpose; (2) a joint proprietary interest in the subject matter; (3) the right to share profits and the duty to share losses, and (4) joint control or right of control. <u>Williams</u> at 1275, 76 citing <u>Pinnacle Port Cmty. Assn., Inc. v. Orenstein,</u> 872 F. 2d 1536, 1539 (11th Cir. 1989).

Florida Courts have interpreted these requirements to preclude a finding that a partnership or joint venture exists where *any* (emphasis added) factor is missing. <u>Williams</u> at 1276 citing <u>Kislak</u>, 95 So. 2d at 517.

Plaintiff has failed to allege that City has the right to share profits and the duty to share losses with FtLBC and for this reason, the Court should find that there is no joint venture between FtLBC and City.

In another and more recent matter, this Court analyzed the elements of joint venture noting that the party which alleges the existence of a joint venture bears the burden of both alleging and proving that an agreement or contract supports the relationship. <u>Edward Burger, as Tr. of the 2009 Hubbard Family Trust, a N.M. trust et al. v. John Hartley, et al.</u>, 896 F. Supp. 2d 1157 (S.D. Fla. 2012).

Among Plaintiffs contentions in <u>Burger</u> were that although Defendants used various entities incorporated in different countries to carry out different aspects of the business, the nature of their business was still a partnership. <u>Burger</u> at 1167.

Consistent with the holding of the Eleventh Circuit in <u>Williams</u>, 314 F. 3d 1270, this Court found <u>Kislak</u>, 95 So. 2d 510, (Fla. 1957) persuasive observing that "[t]he party which alleges the existence of a joint venture bears the burden of both alleging and proving that an agreement or contract supports the relationship." <u>Burger</u>, 896 F. Supp. 2d 1157, 1168 (S.D. Fla. 2012) quoting <u>Kislak</u>, 95 So. 2d at 515. "[W]here ... the events and transactions which form the basis of the alleged relationship are not in writing, the burden of establishing the existence of such contract, including all of its essential elements, is indeed, as it should be, a heavy and difficult one. <u>Burger</u>, *Id.* at 1168 quoting <u>Kislak</u>, *Id.* at 515.

Plaintiff's Verified Amended Complaint falls well short of meeting the heavy and difficult burden of establishing a joint venture between FtLBC and City. Nowhere in his pleading does he identify the nature of the written documents, whether they are contractual in nature and nowhere does he allege facts that support the essential elements of a joint venture.

6

Plaintiff has not sufficiently alleged a joint venture between FtLBC and City and for this reason, this Court should dismiss Plaintiff's Verified Amended Complaint.

II.     Plaintiff's Allegations Fail to Establish §1983 Liability Against City

Plaintiff's First Claim for Relief seeks damages for retaliatory conduct under color of state law against all Defendants. *See* Am. Verified Complaint ¶33.

Plaintiff further alleges that the actions of FtLBC are the actions of City in that said actions were undertaken by FtLBC in its joint venture with City. *See* Am. Verified Compl. ¶30.

Nowhere in his Amended Verified Complaint does Plaintiff allege that a City official or employee engaged in any of the allegations directed to the individual Defendants and/or FtLBC. In fact, Plaintiff states in the caption that City is "an additional party for relief purposes *only* (emphasis added)." *See* caption, Am. Verified Compl.

As Plaintiff has failed to allege any direct actions of City, its officials or employees bringing City within the ambit of 42 USC §1983, Plaintiff appears to be traveling on a theory of vicarious liability against City to attempt to satisfy the under-color-of-law requirement of §1983.

Any attempt by Plaintiff to hold City liable for the acts of the individual Defendants and/or FtLBC under a theory of vicarious liability fails as a matter of law. *See* Collins v. City of Harker Heights, Tex., 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under §1983 for the constitutional torts of its agents. It is only liable when it can be fairly said that the city itself is the wrongdoer."); Goebert v. Lee Cnty., 510 F. 3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including respondeat superior, in §1983 actions."); Skop v. City of Atlanta, 485 F. 3d 1130, 1145 (11th Cir. 2007) ("[I]t is by now axiomatic that in order to be held liable for a §1983 violation, a municipality must be found to have itself caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory.")

Plaintiff's Amended Verified Complaint fails to allege any basis for imposing liability against City under 42 USC §1983 and as a result, the Court should dismiss the instant matter.

III. <u>Plaintiff's Second Claim for Relief Fails to State a Claim against the Individual Defendants</u>

In his Second Claim for Relief, Plaintiff claims that all Defendants violated his rights guaranteed by the Constitution of the State of Florida, i.e. the right to bring suit without retaliation. *See* Am. Verified Compl. ¶35.

Plaintiff fails to state which provision of the Constitution of the State of Florida grants him the right to bring suit without retaliation.

This Court may find persuasive the findings of the Fourth District Court of Appeal in the matter of <u>Yachting Promotions Inc. v. Broward Yachts, Inc.</u>, 792 So. 2d 660 (Fla. 4th Dist. Ct. App. 2001). In Yachting Promotions, the Court found that a promoter's rejection of a potential exhibitor's application for exhibit space in an upcoming boat show did not violate exhibitor's constitutional right of access to courts to seek redress of grievances when the application was rejected because of pending litigation.

In 1999 Broward Yachts d/b/a Broward Marine, "Broward," was denied entry to the Fort Lauderdale International Boat Show, "Boat Show." As a result, Broward filed suit against Show Management, a corporation affiliated with Yachting Promotions. The litigation was still pending when Broward presented an application for exhibit space in the 2000 Boat Show. When asked why the application was denied, a Yachting Promotions representative stated that because of a pending lawsuit by Broward against the Boat Show, Broward would not be accepted. Broward sought relief under Article I, section 21 of the Florida Constitution claiming it had a

8

constitutional right of access to the court to seek redress of grievances. Yachting Promotions, Inc., *Id.* at 662.

The District Court noted that the constitutional right of access to courts protects only rights which existed at common law and in order to make a colorable claim of denial of access to the courts, an aggrieved party must demonstrate that the Legislature has abolished a common law right previously enjoyed by the people of this state. Yachting Promotions, Inc., 792 So. 2d 660, 663.

The Court further observed that Declarations of Rights of the Florida Constitution within which Article I, section 21 is found, guarantees access to the courts for redress of wrongs *but does not create an independent civil cause of action* (emphasis added). Yachting Promotions, Inc., *Id.* at 664

In his Amended Verified Complaint, Plaintiff has not identified the provision of the Florida Constitution he claims was violated by the Defendants. Plaintiff has identified no common law right bearing on the instant litigation that has been abolished by the Legislature. To the extent Plaintiff attempts to rely on the provision of the Florida Constitution guaranteeing access to courts for redress of wrongs, Article I, section 21 does not create an independent civil cause of action.

For these reasons, this Court should dismiss the instant matter as to the individual Defendants for Plaintiff's failure to state a claim upon which relief can be granted.

IV. Plaintiff's failure to bring City within ambit of §1983 requires dismissal of Plaintiff's First Claim for Relief Against individual Defendants

Plaintiff's First Claim for Relief seeks damages against all Defendants under 42 USC §1983. *See* Am. Verified Compl. ¶33.

9

In order to state a claim for relief in an action founded on 42 USC §1983, Plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States *and* (emphasis added) that alleged deprivation was committed under color of state law. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F. 3d 1263, 1277.  *See also* American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 119 S. Ct. 977, 985 (1999).

Nowhere in Plaintiff's Amended Verified Complaint does he allege that a City official or employee engaged in any of the allegations directed to the individual Defendants and/or non-party FtLBC.

The under-color-of-law element of §1983 excludes from its reach merely private conduct. Focus on the Family, *Id.* at 1277.  *See also* American Mfrs. Mut. Ins. Co. v. Sullivan, *Id.*, 526 U.S. 50, 119 S. CT. 985.

Plaintiff's Amended Verified Complaint fails to allege any basis for imposing liability against City under §1983 and as a result, the individual Defendants are excluded from the reach of §1983.  For this reason, Plaintiff's First Claim for Relief within his Amended Verified Complaint should be dismissed as to the individual Defendants.

V.  The Court should decline to exercise supplemental jurisdiction as to Plaintiff's Third Claim for Relief in his Amended Verified Complaint pursuant to 28 USC 1367(c)(3)

Plaintiff claims in his Third Claim for Relief that the individual Defendants breached their fiduciary duty owed to Plaintiff pursuant to the laws of the State of Florida.  *See* Am. Verified Compl. ¶37.

Plaintiff further claims that by virtue of their positions as officers of FtLBC and therefore agents of the joint venture, the individual Defendants owed a fiduciary duty to Plaintiff.  *See* Am. Verified Compl. ¶38.

10

Plaintiff's Amended Verified Complaint has failed to adequately articulate a cause of action under 42 USC §1983, the claim over which this Court holds original jurisdiction. Plaintiff's Second Claim for Relief, a State claim, also fails to state a claim under which relief can be granted.  Plaintiff's Third Claim for Relief involves questions of Florida law and under 28 USC §1367(c)(3), this Court is permitted to decline supplemental jurisdiction over the remaining state claim(s).

When a district court dismisses a state cause of action for want of subject matter jurisdiction, the standard of review is the abuse of discretion standard.  Ann A. Mergens, individually, and as Tr. for the Ann A. Mergens Revocable Trust et al. v. Dreyfoos, 166 F. 3d 1114, 117 (11th Cir. 1999).  *See also* L.A. Draper & Sons v. Wheelabrator-Frye, Inc., 735 F. 2d 414, 420 (11th Cir. 1984).

Discretion over pendant state claims is expressly conferred to district courts by statute and 28 USC §1367(c) provides that a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. Mergens, *Id*. at 1119.

The Eleventh Circuit has noted that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims." L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F. 2d 414, 428 (11th Cir. 1984) citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1966).

Plaintiff asserts that venue properly lies in this District pursuant to 28 USC §1391(b). Plaintiff resides in Miami-Dade County and all Defendants save Guida reside in this District. Defendant Robert Guida lives in northern Florida.  *See* Am. Verified Compl. ¶3.

Plaintiff makes no reference in his Amended Verified Complaint to 28 USC §1332 so diversity is not an issue in the instant matter.

With only state claim(s) at issue, this Court should decline to exercise supplemental jurisdiction and to issue an Order of Dismissal without prejudice.

VI. The Court cannot accord complete relief unless the Fort Lauderdale Bridge Club is named as a party pursuant to Fed. R. Civ. P. 12(b)(7).

In his Amended Verified Complaint, Plaintiff identifies as a Defendant, the Fort Lauderdale Bridge Club yet he fails to name the FtLBC in the caption. *See* Am. Verified Compl. ¶5.

Plaintiff alleges that the FtLBC claims to be a Florida not-for-profit corporation. See Am. Verified Compl. ¶10.

Plaintiff identifies each of the individual Defendants as current or former officers and/or members of the FtLBC Board of Governors. *See* Am. Verified Compl. ¶¶6, 7, 8, 9.

In Plaintiff's prayer for judgment associated with his Third Claim for Relief directed to the individual Defendants, Plaintiff seeks injunctive relief restraining and enjoining each from further violation of Plaintiff's rights. *See* Am. Verified Compl. Third Claim for Relief ¶¶1c., 2c., 3c.

It is well settled in Florida that a corporation can act only through its officers and agents. Browning v. State, 101 Fla. 1051, 133 So. 847 (1931).

Plaintiff has alleged that he was expelled by the FtLBC; that following reinstatement the Board [of Governors] decided to expel him again; that then-President Bozek decided to strip Plaintiff of his membership rights, and that the FtLBC was again going to conduct a disciplinary proceeding against him. *See* Am. Verified Compl. ¶¶16, 21, 22, 27.

12

In each instance described in the paragraph above, the individual Defendant was acting as an officer and/or member of the Board of Governors of FtLBC. The Court cannot accord complete relief among the parties unless the FtLBC is added as a party.

If this Court does not dismiss the instant matter, the individual Defendants request that the Court Order that the Fort Lauderdale Bridge Club[2] be added as a party.

WHEREFORE, based on all the foregoing, Defendants Allen Bozek, Charlotte Engleman, Robert Guida and Barbara Tate, the individual Defendants, request that this Honorable Court enter an Order granting this Motion, dismissing Plaintiff's action and providing such other and further relief as the Court deems just and appropriate.

---

2. In his Amended Verified Complaint, Plaintiff alleges that the Fort Lauderdale Bridge Club filed a Chapter 11 Petition in Bankruptcy on February 26, 2013. The United States Bankruptcy Court has assigned case number 13-14289-RBR to that matter and it remains pending at this time.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this **14th** day of **August, 2013.**

        LUKS, SANTANIELLO, PETRILLO & JONES
        Attorneys for individual Defendants
        110 S. E. 6th Street, 20th Floor
        Fort Lauderdale, FL  33301
        Telephone:  (954) 761-9900
        Facsimile:  (954) 761-9940

By:  /s/ Carl W. Christy
    DANIEL J. SANTANIELLO, B.C.S.
    Florida Bar No.: 860948
    CARL W. CHRISTY, ESQ.
    Florida Bar No.:  482315
    LUKSFLL-Pleadings@LS-Law.com

## SERVICE LIST

Of Counsel for Samuel D. Rosen
Andrew L. Jimenez, Esq.
100 SE 3rd Ave., Suite 1514
Fort Lauderdale, FL 33394
andrew@jimenezlawoffices.com

Counsel for the City of Fort Lauderdale
Clark J. Cochran, Jr., Esq.,
Billing, Cochran, Heath, Lyles, Mauro, Anderson & Ramsey
888 S.E. Third Avenue, Suite 301
Ft. Lauderdale, FL  33316
Ftl-pleadings@bclmr.com