UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SAMUEL D. ROSEN,                             CIV. ACTION NO.: 0:13-cv-61316-JIC

    Plaintiff

v.

ALLEN BOZEK, CHARLOTTE ENGLEMAN,
ROBERT GUIDA, BARBARA TATE,
AND JOHN DOES 1-5,

    Defendants,

and

THE CITY OF FORT LAUDERDALE,
additional party for relief
purposes only,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff SAMUEL D. ROSEN, the "Plaintiff", by and through his undersigned counsel, files this Response to Defendants' Motions to Dismiss, along with its accompanying Request for a Hearing on the Motions.

**INTRODUCTION**

The Defendants ALLEN BOZEK, CHARLOTTE ENGLEMAN, ROBERT GUIDA AND BARBARA TATE (the "individual Defendants") and CITY OF FORT LAUDERDALE ("City") have filed separate Fed. R. Civ. P. 12(b)(6) Motions to Dismiss in this case. [ECF No. 5 & 7]. They find **common ground** on the following arguments:

1

1. That the allegations contained in Plaintiff's Amended Verified Complaint (the "Amended Complaint") are inadequate to establish a joint venture.

2. That the allegations contained in Plaintiff's Amended Complaint fail to establish a basis for imposing liability against City under 42 U.S.C. § 1983 or for any alleged violation of the Florida Constitution.

3. That Plaintiff's Second Claim for Relief fails to state a claim against either the City or individual Defendants.

In addition, City raises arguments that the individual Defendants do not, and vice versa. **City** alone argues:

4. That City is not liable for any of the actions of the Fort Lauderdale Bridge Club (hereafter referred to as "FLBC") or its members, and that City is therefore entitled to dismissal with prejudice.

5. That Plaintiff's allegations do not support an assertion that the City is a necessary party for inclusion in order to award "complete relief" to Plaintiff.

The **individual Defendants** alone argue:

6. That failure to bring City under § 1983 liability requires dismissal of Plaintiff's first claim for Relief against the individual Defendants.

7. That the court should decline to exercise supplemental jurisdiction as to Plaintiff's Third Claim for Relief, pursuant to 28 USC § 1367(c)(3).

8. That Plaintiff has failed to join an indispensable party.

**MEMORANDUM OF LAW**

I.      **The factual allegations of Plaintiff's Amended Complaint are "plausible on their face" and sufficient to withstand the tests of *Iqbal* and *Twombly*.**

To survive a Motion to Dismiss, a complaint must contain sufficient factual allegations which, when accepted as true, must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff need not allege specific facts; rather, the plaintiff's factual allegations need

2

only provide the Defendant with fair notice of the claim and the grounds thereof. Erickson v. Pardus, 551 U.S. 89, 93 (2007). When ruling on a defendant's Motion to Dismiss, a judge must accept as true all factual allegations contained in the Complaint. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

Furthermore, Fed.R.Civ.P. 8 clearly states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). The "notice pleading" standards of the Federal Rules rely on liberal discovery rules and summary judgment motions to define any disputed facts, in addition to disposing of nonmeritorious claims. At this stage, Plaintiff is not required to prove all material issues of the case; rather, Plaintiff need only set forth particular facts of the complaint, which at this point must be accepted as true, to survive a Motion to Dismiss. See Twombly, 550 U.S. at 555.

In the instant case, Defendants argue that the Amended Complaint lacks sufficient allegations, including, *inter alia*, any written document evidencing a joint venture. Such documentation is not required for Plaintiff to meet the adequate pleading standards set forth in both Iqbal and Twombly. Plaintiff's Amended Complaint alleges that, by way of a joint agreement, the City "determines the services to be offered by" FLBC, maintains a "right to use FLBC facilities", and "dictates terms for the public to become 'members' of FLBC". (Amended Verified Complaint [DE #4] ("Complaint"), ¶ 10). Plaintiff further alleges that both FLBC and the City "have reportedly said their partnership here serves an important public function for the benefit" of City residents. (Complaint, ¶ 11).

While Plaintiff's pleading does not present a "smoking gun", such evidence has never been required for an adequate pleading under Iqbal or Twombly. As of the time Plaintiff filed his Amended Complaint, the full extent of Defendant City's actions in violation of Plaintiff's constitutional rights were unknown, and they can only be revealed through further discovery. The Amended Complaint meets the pleading standards of Twombly by presenting "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." See 550 U.S. at 556. Such discovery will reveal not only the extent of City's

joint venture relationship with FLBC, but also the extent to which City had knowledge of Plaintiff's pending lawsuits against FLBC and encouraged, aided or abetted the ejection of Plaintiff in retaliation for these actions.

Plaintiff's allegations plausibly support a claim that all Defendants were acting in concert and "under color of state law" when Plaintiff's civil rights were being infringed, in violation of 42 U.S.C. § 1983. Plaintiff's complaint is not unintelligible or confusing, as Defendants suggest, nor does it violate the clear requirements of Fed. R. Civ. P. 8 of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Amended Complaint has set forth detailed allegations that fulfill each and every pleading requirement. These facts, when accepted as true, create a plausible basis for recovery, satisfying the requirements in Iqbal. Plaintiff's Amended Complaint is a sufficient pleading, and Defendants' Motions to Dismiss under Rule 12 must be denied.

**II.   Plaintiff's Amended Verified Complaint pleads facts with particularity and establishes that the joint action of the parties gives rise to § 1983 liability.**

Both Motions to Dismiss look to state law definitions of "joint venture" and state that Plaintiff's Amended Complaint should be dismissed because the facts are not sufficient "to establish the existence of a joint venture between the FLBC and the City as a matter of law". (Defendant [City] Motion to Dismiss [DE # 5], "City's Motion"). However, this argument misses the mark entirely and fails to understand how joint action is determined for purposes of § 1983 liability. In fact, none of the cases cited by Defendants regarding joint venture involve 42 U.S.C. § 1983 claims.

Furthermore, the arguments proffered suggest that no joint venture may exist because FLBC is a not-for-profit entity. In Burger v. Hartley, 896 F. Supp. 2d 1157 (S.D. Fla. 2012), the court stated that a joint venture requires:

1) A community of interest in the performance of a common purpose;
2) Joint control or right of control;
3) A joint proprietary interest in the subject matter;
4) A right to share in the profits; and
5) A duty to share in any losses which may be sustained.

Defendants state that FLBC is a nonprofit; ergo, the last three elements in Burger cannot be satisfied, and it follows that no joint venture can exist. This argument suggests, therefore, that a joint venture may *never* exist between a not-for-profit and government entity, nor between two nonprofit entities. The fact that profits and losses can't be shared should only make this test inapplicable in the current case. By its nature, FLBC does not retain profits. Rather than failing to establish a joint venture, the correct view from this Court should be that Burger and its joint venture test is inapplicable here.

Regardless of "joint venture" status under Florida law, the Eleventh Circuit adopts three tests that, in turn, address whether joint action between the State and private parties is sufficient such that a § 1983 claim is warranted:

> "Previously, this circuit set forth the three primary tests the Supreme Court has used to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim."

Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (2003), citing Willis v Univ. Health Servs, Inc., 993 F. 2d 837, 840 (11th Cir. 1993).

In his Amended Complaint, Plaintiff makes factual allegations that City has an interdependent relationship with the individual Defendants and FLBC such that it was a joint participant in the enterprise. Specifically, Plaintiff pleads *inter alia* that FLBC operates on City land, City determines the services to be offered, and City dictates terms for membership. (Complaint, ¶ 10). These allegations of joint action, along with the allegations of City's compulsion of FLBC membership—the very issue which led to Plaintiff's claim for relief—are more than adequate to survive a Motion to Dismiss Plaintiff's § 1983 claim.

**III.     Plaintiff adequately pleads a basis for imposing § 1983 liability against the City, due to its interdependent relationship with individual Defendants and FLBC.**

Defendants argue that Plaintiff's allegations fail to establish §1983 liability against the City. Specifically, they argue that City cannot be held vicariously liable under § 1983 for the constitutional torts of its agents and officers. They further argue that the failure to name a particular municipal policy or custom linked to the constitutional liability should lead to dismissal of this matter.

Plaintiff's Amended Verified Complaint does not claim the City is liable under a theory of *respondeat superior* or vicarious liability, nor must it do so. Instead, the Complaint alleges that FLBC and City operate in ways resembling a joint venture or partnership. (Complaint, ¶ 11). The Complaint also gives particular facts as to the City's joint action with FLBC. (Complaint,  ¶10-12).

In Burton v. Wilmington Parking Authority, the Supreme Court held that the State can make itself a party to an alleged constitutional violation if it has "so far insinuated itself into a position of interdependence with [the wrongdoer] that it must be recognized as a joint participant in the challenged activity." 365 U.S. 715, 725 (1961). This court repeatedly relies on Burton and its progeny to determine whether state action exists, and it does so by considering "the framework of the peculiar facts or circumstances present. Id.

To support its claim of § 1983 liability, Plaintiff adequately pleads that an interdependent relationship among the parties was cause for violation of his constitutional rights. Among the factual allegations supporting this claim are:

1) The club operates on land owned by City, pursuant to a joint venture agreement in which City has contributed the land, and club has contributed the building.
2) City reserves right to use FLBC facility for other public purposes.
3) City dictates terms for the public to become "members" of FLBC.
4) City and FLBC have reportedly said their partnership serves an important public function.
5) Facilities and services are open to the public, not just "members".
6) City determines services to be offered by FLBC.
7) City determines services which FLBC may *not* offer.
8) City determines the amount FLBC can charge the public for its services.

6

9) City mandates the number of hours per week that the club must provide instructions.[1]

These factual allegations—accepted as true—would "state a claim to relief against the City that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 678. Plaintiff argues that the City is intertwined with the actions of FLBC. There remain disputed issues of material fact concerning the extent of City's involvement in the unconstitutional violation of Plaintiff's rights, but Plaintiff need only meet the clear pleading standards set forth above in order to survive a Motion to Dismiss. Having adequately plead a claim for liability against all Defendants, further discovery should be granted to determine the full extent of this joint relationship and City's involvement in revoking Plaintiff's membership in retaliation for exercising his constitutional rights.

### IV.   Plaintiff Second Claim for Relief adequately pleads a violation of rights under the Florida Constitution.

At a Federal level, the First Amendment of the U.S. Constitution guarantees citizens the freedom to petition for redress of grievances. U.S. Const. Amend. 1. This freedom has been incorporated under the 14th Amendment to apply to the states. U.S. Const. Amend. 14, see also Edwards v. South Carolina, 372 U.S. 229, 235 (1963) ("It has long been established that these freedoms are protected by the Fourteenth Amendment from invasion by the States."). This Constitutional guarantee is restated in Art 1, § 21 of the Florida Constitution, which states in its entirety that "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."

Both Defendants argue that Plaintiff's Second Claim for Relief fails to state a claim upon which relief can be granted. In support of this argument, the Defendants cite Yachting Promotions Inc. v. Broward Yachts, Inc., 792 So. 2d 660 (Fla. 4th DCA 2001). In doing so, the Defendants seem to imply that there is no remedy available to Plaintiff for this well-established right under law.

---

[1] While allegations 7-9 are not in the Amended Verified Complaint, Plaintiff requests Leave to Amend the pleading if this Court considers the additional allegations necessary to meet the requirements of a sufficient pleading.

However, the present case is easily distinguishable from <u>Yachting Promotions</u> in that state action is alleged by Plaintiff. Both parties in <u>Yachting Promotions</u> were private actors, and the court found that there was no state action among the parties. In fact, the court noted that "[appellee] did not create any type of *state action* (emphasis added) which would constitute a violation of [its] rights of access to courts". See <u>id.</u> at 664.

Thus, <u>Yachting Promotions</u> stands for the unremarkable proposition that a non-state actor cannot be sued for retaliation. Under no circumstances is this an argument the Defendants can make in their capacity as state actors.

**V.       In order to award complete relief to Plaintiff, City is a necessary party.**

City argues that Plaintiff's allegations do not support an assertion that the City is a necessary party for inclusion in order to award "complete relief" to Plaintiff, and that there is no valid basis for why City should be named in this lawsuit.

Plaintiff's factual allegations describe in depth the joint relationship among the individual Defendants, FLBC, and City. While no monetary relief is sought from City, Plaintiff's allegations establish a plausible claim of § 1983 liability against the City. In addition to the particular facts alleged regarding City's joint relationship with FLBC, the City is named as a necessary party because it will be affected by the outcome of this lawsuit. Plaintiff need only allege that the City was jointly engaged in the alleged violation in order to survive a Motion to Dismiss.

**VI.      Plaintiff's Amended Verified Complaint pleads with particularity facts that create a plausible claim of sufficient state action against FLBC.**

The individual Defendants argue that they are "excluded from the reach of § 1983" because FLBC is engaged in "merely private conduct".

This Court has consistently applied its own test to private actors to determine whether state action exists such that the private party is liable for constitutional violations under § 1983. See <u>Focus on the</u>

Family, 344 F. 3d at 1277 ("We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim." (citing Willis v. Univ. Health Servs., Inc., 993 F.2d at 840. The Supreme Court uses three primary tests to determine whether state action exists: the public function test, the state compulsion test, and the nexus/joint action test. Each of these tests look to the relationship between the private actor and the state to determine if the private actor is acting "under color of state law". Accordingly, acting "under color of state law" does not require that the defendant be an officer of the State. See Dennis v. Sparks, 449 U.S. 24, 27 (1980) ("It is enough that [defendant] is a willful participant in joint action with the State or its agents.")

Plaintiff adequately pleads with factual allegations that there is an interdependent relationship between City and FLBC such that FLBC can be found liable under one of the § 1983 tests for private actor liability. Plaintiff need not provide more than this to withstand a Motion to Dismiss and conduct further discovery in support of these allegations.

**VII.    This court should exercise jurisdiction over each of Plaintiff's Claims for Relief.**

Individual Defendants argue that this Court should decline to exercise supplemental jurisdiction over Plaintiff's Third Claim for Relief, a state law claim.

In considering whether to exercise jurisdiction, this Court should apply the abstention doctrine developed out of Younger v. Harris. 401 U.S. 37, 50 (1971). The Younger doctrine instructs federal courts to refrain from hearing constitutional challenges to state action when federal action would be regarded as an improper intrusion on the state's authority to enforce its laws in its own courts. Id. at 44. However, Younger also implied that there are exceptions to this principle, and the federal courts may maintain jurisdiction over state court proceedings under certain circumstances. The three primary exceptions are: bad faith and harassment, patently unconstitutional statutes, and the lack of an adequate state forum. See id. at 53-54.

In the instant case, Plaintiff alleges a breach of fiduciary duty owed to Plaintiff pursuant to state law. (Complaint, ¶ 36). If this court faces the decision of whether to abstain on this claim, or any of the claims presently before it, it should only do so after a thorough <u>Younger</u> analysis which includes a consideration of whether any of the exceptions to abstention apply to Plaintiff's claims for relief.

### VIII. FLBC's absence as a named party is only due to pending matters in its current Bankruptcy case.

In its Motion to Dismiss, the most genuinely offensive argument by individual Defendants is that Plaintiff has failed to join an indispensable party. (Defendant [Individual Defendants'] Motion to Dismiss [DE # 7], "Individual Defendants' Motion")("The Court cannot accord complete relief among the parties unless the FtLBC is added as a party.")

Counsel for individual Defendants knows fully well from his attendance at multiple Bankruptcy Court hearings that FLBC filed for Chapter 11 Bankruptcy relief in February 2013. (Bankr. Ct. Case No. 13-14289, S.D. Fl. (Fort Lauderdale division)). Mere days after filing this action, Plaintiff (as Creditor) promptly made a Motion to Lift the Automatic Stay so that FLBC could be joined in this very action. The Bankruptcy Court has not as of yet addressed that Motion, as Defendant knows. In fact, this very problem was discussed in depth with Magistrate Seltzer in the Scheduling Conference for this case, held on August 28, attended by the same counsel for the individual Defendants.

Individual Defendants and their counsel feign ignorance and state that Plaintiff has failed to join an indispensable party. To make this argument—with the full knowledge that the Bankruptcy Court has not acted yet to lift the automatic stay—is disingenuous.

### IX. If the allegations set forth in Plaintiff's Amended Complaint are inadequate to survive a Motion to Dismiss, Plaintiff asks Leave to Amend the pleading.

Both City and individual Defendants assert that the Amended Complaint is deficient because it does not identify the particular writing which creates a joint venture. Plaintiff disagrees; the Amended

10

Complaint is more than sufficient under current pleading standards, and joint action does not require a writing at all. Nevertheless, if this Court were to agree with the Defendants, Plaintiff asks Leave to Amend to attach to his pleading the joint venture agreement between the parties, euphemistically denominated a "lease" (see Attached "Exhibit A"). The lease would certainly be sufficient to satisfy pleading standards, and further discovery would disclose even more control and joint action than the lease provides.

## CONCLUSION

For all reasons set forth above, Plaintiff respectfully requests that this Court deny the Defendants' Motions to Dismiss the Amended Verified Complaint in their entirety.

Dated this 24th Day of September, 2013.

Respectfully submitted,

/s/ Andrew L. Jiménez, Esq.

***Andrew L. Jiménez, Esq.***
Jiménez Law Offices, P.A.
***Of Counsel to Samuel D. Rosen***
100 SE 3rd Avenue, Suite 1514
Fort Lauderdale, FL 33394
Telephone: (954) 848-3111
Facsimile: (954) 252-4451
E-mail: Andrew@jimenezlawoffices.com
FL Bar No: 101106

## **REQUEST FOR HEARING**

Plaintiff, by and through his undersigned counsel, respectfully submits this request, pursuant to Local Rule 7.1(b), to set a hearing date in the above-captioned matter on Defendants' Motions to Dismiss. In support of this request, Plaintiff states as follows:

1. Plaintiff has filed a single response to two separate Motions to Dismiss in this case.
2. Plaintiff desires a hearing so that Defendants may individually present their arguments to the Court, and Plaintiff may respond in turn.
3. A hearing will be helpful to this Court in identifying the Parties involved and determining the true extent and nature of Defendants' relationship.
4. Furthermore, a hearing is helpful for this Court to determine the current state of FLBC's pending bankruptcy case, as well as the status of the automatic stay mentioned in this response.
5. Plaintiff estimates no more than one (1) hour is necessary for all Parties to argue on the Motions to Dismiss.

**WHEREFORE**, Plaintiff respectfully requests that this Court set a hearing date on the Motions at issue.

Dated this 24th Day of September, 2013.

Respectfully submitted,

/s/ Andrew L. Jiménez, Esq.

***Andrew Jiménez, Esq.***
Jiménez Law Offices, P.A.
***Of Counsel to Samuel D. Rosen***
100 SE 3rd Avenue, Suite 1514
Fort Lauderdale, FL 33394
Telephone: (954) 848-3111
Facsimile: (954) 252-4451
E-mail: Andrew@jimenezlawoffices.com
FL Bar No: 101106

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served via CM/ECF or email on September 24, 2013 on all counsel or parties of record on the Service List below.

    /s/ Andrew L. Jiménez, Esq.
Andrew L. Jiménez, Esq.
Jiménez Law Offices, P.A.
***Of Counsel to Samuel D. Rosen***
100 SE 3rd Avenue, Suite 1514
Fort Lauderdale, FL 33394
Telephone: (954) 848-3111
Facsimile: (954) 252-4451
Andrew@jimenezlawoffices.com
FL Bar No: 101106

**SERVICE LIST**

**CM/ECF**

**Carl Werner Christy , Jr.**
Luks, Santaniello, Petrillo & Jones
110 SE 6th Street, 20th Floor
Fort Lauderdale, FL 33301
954-761-9900
Fax: 954-761-9940
Email: CCHRISTY@LS-LAW.COM
*Counsel for Allen Bozek, Charlotte Engleman,*
*Robert Guida, and Barbara Tata, Defendants*

**Clark Jones Cochran , Jr.**
Billing Cochran Lyles Mauro & Ramsey
SunTrust Center, Sixth Floor
515 East Las Olas Blvd.
Fort Lauderdale, FL 33301
954-764-7150
Fax: 954-764-7279
Email: cjc@bchlm.com
*Counsel for City of Fort Lauderdale, Defendant*