USL-00033/CP 5 /DJS:cwc

UNITED STATES SOUTHERN DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:  0:13-CV-61316-JIC
Cohn

SAMUEL D. ROSEN,

    Plaintiff,

v.

ALLEN BOZEK, CHARLOTTE ENGLEMAN,
ROBERT GUIDA, BARBARA TATE, AND
JOHN DOES 1-5
    Defendants,

and

THE CITY OF FORT LAUDERDALE,
Additional party for relief purposes only,

    Defendant.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

The Defendants, ALLEN BOZEK, CHARLOTTE ENGLEMAN, ROBERT GUIDA and BARBARA TATE, the "individual Defendants," by and through undersigned counsel, file this Reply to Plaintiff's Response to Defendants' Motions to Dismiss Plaintiff's Amended Verified Complaint [DE #20] pursuant to S. D. Fla. Local R. 7.1.  The individual Defendants also join in the arguments raised in the Reply to Plaintiff's Response filed by Defendant City of Fort Lauderdale.

1

1. In Plaintiff's Response to Defendants' Motions to Dismiss, "Response," [DE #20] he recedes from the "joint venture" argument he asserted in paragraph ten of his Verified Amended Complaint [DE #4] and instead describes the relationship as a "joint agreement."

2. Plaintiff's Response reiterates his claim in paragraph ten of his Verified Amended Complaint that the City of Fort Lauderdale, "City," determines the services to be offered by the Fort Lauderdale Bridge Club, "FtLBC," and that City reserves the right to use the facility for purposes other than bridge.  Plaintiff attempts to support these allegations with a LEASE AGREEMENT between City and FtLBC dated October 31, 1995, *see* Plaintiff's Exhibit "A" to [DE #20].

3. Plaintiff points to the terms of the LEASE AGREEMENT as evidence of the Joint Venture and in his Response asserting on page six that the "Club operates on land owned by City pursuant to a joint venture agreement in which City has contributed land and club has contributed building."

4. Exhibit "A" to Plaintiff's Response is entitled "LEASE AGREEMENT" and makes no reference to a joint venture agreement.  City is and has been since October, 1995, the landlord of FtLBC.  The individual Defendants disputed Plaintiff's claim of a Joint Venture in their Rule 12(b)(6) Motion [DE #7] and reincorporate their argument herein.

5. Plaintiff asserts at the bottom of page six that the City reserves the right to use FtLBC facility for other public purposes.  Again, this is a term of the LEASE AGREEMENT, page three numbered paragraph seven, and permits City to use 50% of Card Room "B" for non-competing board games such as chess, checkers or monopoly.

6. Plaintiff asserts that City dictates the terms for the public to become "members" of FtLBC.  This, too, is a provision of the LEASE AGREEMENT where on page eleven,

paragraph 18(h) of the Miscellaneous Provisions, City requires that in the use and operation of the Demised Premises, Club shall not discriminate on the basis of race, creed, sex, national origin, age or disability[1]. The LEASE AGREEMENT states further that "this provision shall apply to all activities, membership, hiring of services or goods or other actions on or connected with the Demised Premises."

7. Plaintiff's Response asserts, near the bottom of page six, that the partnership between City and FtLBC serves an important public function. This, too, is found on the first page of the LEASE AGREEMENT in the non-numbered paragraphs beneath "WITNESSETH:"

8. Plaintiff's Response asserts that Facilities are open to the public, not just members, and this too is addressed in the LEASE AGREEMENT under numbered paragraph seven on page three.

9. Plaintiff's Response [DE #20], at the bottom of page six, asserts that City determines the services to be offered by FtLBC. Again, this is addressed in the LEASE AGREEMENT on page three under paragraph six (a) under use "Club shall operate non-profit bridge-club activities limited to the running of actual bridge games and associated card games as set forth herein." In paragraph seven (City's Right of Use) on the same page, [Club] "will provide weekly beginners, intermediate and advanced bridge lessons. Chub shall provide and

---

1. The Florida Department of State Division of Corporations reports that the Fort Lauderdale Bridge Club, Inc. was incorporated in July, 1958. The Bylaws of the FtLBC state under Article II, entitled Membership, paragraph "A," Qualification for Membership, that without regard to race, color, creed, religion, gender, age, origin, sexual orientation, or handicap, Membership in the FtLBC shall be open to persons having an interest in the game of Duplicate Bridge. Plaintiff's Exhibit "A" to his Response, the LEASE AGREEMENT, indicates on page three in the first sentence of numbered paragraph seven, that at the time the lease was executed, the FtLBC was holding card games in the Social Center in Holiday Park. The FtLBC was already thirty-seven years-old when it entered into the lease agreement with the City.

3

market to the general public a minimum of eighteen (18) hours per week, at reasonable hours agreed to by City, of card playing instruction."

10. Plaintiff's Response asserts near the bottom of page six that City determines what services FtLBC may not offer. Again, this is addressed in the LEASE AGREEMENT on page three, paragraph six (a) where it states "no other use shall be made of the Demised Premises by Club."

11. Plaintiff asserts on page six of his Response that City determines the amount FtLBC can charge the public for its services. This, too, is addressed in the LEASE AGREEMENT on page three within numbered paragraph seven which states: "Club shall collect all reasonable and customary fees and pay all expenses to provide these services."

12. Plaintiff asserts on the top of page seven that City mandates the number of hours per week that the FtLBC must provide instructions. This too is addressed in the LEASE AGREEMENT. On page three, numbered paragraph seven (City's Right of Use), [Club] "will provide weekly beginners, intermediate and advanced bridge lessons. Chub shall provide and market to the general public a minimum of eighteen (18) hours per week, at reasonable hours agreed to by City, of card playing instruction."

13. Plaintiff attempts to assert that §1983 liability against City is proper due to its interdependent relationship (nexus/joint action) with the individual Defendants and FtLBC. Plaintiff has proffered only a LEASE AGREEMENT establishing that for almost fifteen years prior to the actions complained of, City and FtLBC enjoyed a landlord/tenant relationship. Plaintiff identified no City officials or employees who engaged in any actions allegedly violating Plaintiff's rights or offered anything else supporting his claim.

14. Plaintiff's Response lacks any allegations that would support a finding that City exercised coercive power or provided either overt or covert encouragement to FtLBC such that the actions alleged must be deemed to be made under color of state law.

15. Plaintiff's Response asserts that he has adequately pled a violation of rights under the Florida Constitution. This, too, fails because Plaintiff cannot establish §1983 liability on City and as a result, it cannot be imposed on the individual Defendants.

16. Plaintiff's Response asserts that the individual Defendants are subject to liability under §1983 and this, too, fails because Plaintiff cannot establish §1983 liability against City or that the individual Defendants acted under color of state law.

17. Plaintiff's Response asserts that this Court should exercise jurisdiction via the abstention doctrine. This, too, fails because Plaintiff's claims do not fall into any of the three categories described in the incorporated memorandum of law.

18. Plaintiff has an adequate remedy at law for his claim of breach of fiduciary duty because he has brought this very claim in two of the three State Court law suits he filed against the FtLBC. These suits are identified in footnote one of the individual Defendant's Motion to Dismiss [DE #7].

## MEMORANDUM OF LAW

I. Plaintiff's Response and Exhibit "A" only establishes a Landlord/Tenant Relationship and not the interdependent relationship contemplated in the nexus/joint action test

Plaintiff claims that since 1995, City has been engaged in a Joint Venture or partnership with FtLBC and that the City has so far insinuated itself into a position of interdependence with the FtLBC that it was a joint participant in the challenged activity. Plaintiff claims to find support in Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F. 3d 1263 (11th Cir. 2003).

In that very case, the Court observed that the nexus joint action test applies where the state has so insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F. 3d 1263, 1277 (11th Cir. 2003). In outlining a mode for determining the propriety of holding the state liable for private conduct, the complaining party must show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself. *See Id. quoting* Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 477 (1974).

The landlord/tenant relationship and provisions of the lease regarding operation of a non-profit bridge club and providing lessons to bridge players of all skill levels do not establish that City was any more or less than a landlord and certainly the alleged actions of the individual Defendants cannot be attributed to City.

Plaintiff's Response with the LEASE AGREEMENT appended as a supporting Exhibit, falls well short of demonstrating that City was a joint participant, exercised coercive power or provided significant encouragement such that the actions of the individual Defendants must be deemed to be that of the State.

II.     Plaintiff's Response Fails to Establish a cause of action under the Florida Constitution

In his Second Claim for Relief, Plaintiff claims that all Defendants violated his rights guaranteed by the Constitution of the State of Florida, i.e. the right to bring suit without retaliation. Plaintiff's Response further asserts that Yachting Promotions v. Broward Yachts, Inc., 792 So. 2d 660 (Fla. 4th DCA 2001), cited by the Defendants, only involved private actors.

6

The individual Defendants have asserted herein that Plaintiff's allegations to not survive the nexus/joint action test and as a result, only private actors are involved and no cause of action exists at common law as held in Yachting Promotions.

III.   **Plaintiff's Response fails to bring City within ambit of §1983 and as a result, Plaintiff cannot proceed against the individual Defendants under §1983**

Plaintiff continues to maintain that the individual Defendants engaged in state action.

In order to state a claim for relief in an action founded on 42 USC §1983, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States *and* (emphasis added) that alleged deprivation was committed under color of state law. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F. 3d 1263, 1277. *See also* American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 119 S. Ct. 977, 985 (1999).

In his Response[DE #20], Plaintiff alleges that there is an interdependent relationship between City and FtLBC and that the individual Defendants can be found liable under one of the §1983 tests for private actor liability.

In Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F. 3d 1263, 1277 (11th Cir. 2003), the Court described each of the three primary tests used by the Supreme Court to determine whether state action exists:  (1) the public function test which applies when private actors are performing functions traditionally the exclusive prerogative of the state; (2) the state compulsion test where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution and (3) the nexus/joint action test where the state has so far insinuated itself into a position of interdependence with the private actor that was a joint participant in the enterprise.

The individual Defendants have already addressed herein the nexus/joint action test. On the facts alleged by Plaintiff and with only a landlord/tenant relationship between City and FtLBC, under no circumstances can Plaintiff establish that the individual Defendants, as officers or members of the Board of Governors of the FtLBC were performing functions traditionally the exclusive prerogative of City.

Under the state compulsion test, also addressed in Focus, *id.*, the state can normally be held accountable for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must, in law, be deemed to be that of the state. Focus, *id.* at 1278. Under no circumstance can Plaintiff establish that the City coerced or significantly encouraged the individual Defendants, as officers or members of the Board of Governors of the FtLBC, to act in the manner alleged by Plaintiff.

The under-color-of-law element of §1983 excludes from its reach merely private conduct. Focus on the Family, *Id.* at 1277. *See also* American Mfrs. Mut. Ins. Co. v. Sullivan, *Id.*, 526 U.S. 50, 119 S. CT. 985.

Plaintiff's Response fails to assert any basis for imposing liability against City under the public function test, the state compulsion test or the nexus/joint action test under §1983 and as a result, the individual Defendants are excluded from the reach of §1983.

IV.  The Court should decline to apply the abstention doctrine to exercise jurisdiction as to Plaintiff's Third Claim for Relief

Plaintiff claims that this Court should apply the abstention doctrine to exercise jurisdiction even if it dismisses all of Plaintiff's federal claims. Plaintiff relies on Younger v. Harris, 401 U.S. 37, 50 (1973).

8

In a case decided after Younger, the Supreme Court articulated the circumstances appropriate for abstention.  In Colorado River Water Conservation District v. United States; Akin v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) the Court observed that the circumstances appropriate for abstention have been confined to three categories:  (a) cases presenting a federal constitutional issue which might be mooted or presented in a different posture by state court determination of pertinent state law, (b) cases where there have been presented difficult questions of state law bearing on policy problems of substantial public importance whose importance transcends the result in the case then at bar, and (c) cases where, absent bad faith, harassment or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings or state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films or collection of state taxes.  Colorado River, *id.* at 814.

Plaintiff's claims in the instant matter fail to trigger any of the circumstances under which the abstention doctrine has been applied and this Court should not apply the abstention doctrine.

WHEREFORE, based on all the foregoing, Defendants Allen Bozek, Charlotte Engleman, Robert Guida and Barbara Tate, the individual Defendants, request that this Honorable Court enter an Order dismissing Plaintiff's action and providing such other and further relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this **2nd day of October, 2013.**

LUKS, SANTANIELLO, PETRILLO & JONES
Attorneys for individual Defendants
110 S. E. 6th Street, 20th Floor
Fort Lauderdale, FL  33301
Telephone:  (954) 761-9900
Facsimile:  (954) 761-9940


By:     /s/ Carl W. Christy
     DANIEL J. SANTANIELLO, B.C.S.
     Florida Bar No.: 860948
     CARL W. CHRISTY, ESQ.
     Florida Bar No.:  482315
     LUKSFLL-Pleadings@LS-Law.com

## SERVICE LIST

Of Counsel for Samuel D. Rosen
Andrew L. Jimenez, Esq.
100 SE 3rd Ave., Suite 1514
Fort Lauderdale, FL 33394
andrew@jimenezlawoffices.com

Counsel for the City of Fort Lauderdale
Clark J. Cochran, Jr., Esq.,
Billing, Cochran, Heath, Lyles, Mauro, Anderson & Ramsey
888 S.E. Third Avenue, Suite 301
Ft. Lauderdale, FL  33316
Ftl-pleadings@bclmr.com