UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SAMUEL D. ROSEN,                             CIV. ACTION NO.: 0:13-cv-61316-JIC

    Plaintiff

v.

ALLEN BOZEK, CHARLOTTE ENGLEMAN,
ROBERT GUIDA, BARBARA TATE,
AND JOHN DOES 1-5,

    Defendants,

and

THE CITY OF FORT LAUDERDALE,
additional party for relief
purposes only,

    Defendant.
_____/

## RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO LOCAL RULE

Plaintiff SAMUEL ROSEN, by and through his undersigned counsel, files this Response to Defendant's Motion for Protective Order. In support, Plaintiff states:

1. On October 8, 2013, Defendant ROBERT GUIDA ("Guida") filed a Motion For Protective Order pursuant to S.D. Fla. Local R. 26.1(h)(3), Rule 32(a)(5)(A) and Rule 26(c)(1)(b). [ECF No. 25].

2. In a paperless order of October 9, 2013, this Court granted defendant Guida's Motion for Protective Order to the extent that Plaintiff shall not be permitted to depose Defendant

1

Guida on October 11, 2013. [ECF No. 28]. The Court deferred ruling on Defendant's argument that he should be deposed in the county where he resides.

3. This same Order required Plaintiff to file an expedited response as to the proper location of Defendant Guida's deposition.

4. In its Motion, counsel for Guida states that the defendant currently lives in Sumter County, Florida. The Motion states that the Villages residence of Defendant Guida on Amberjack Terrace is 259 miles from Southern District Court Reporting (the location set by Plaintiff for deposition), and that the estimated drive time each way is three hours, forty-nine minutes. [ECF No. 25, ¶ 8].

5. Plaintiff has, on numerous occasions, stated his willingness to accommodate Guida's travel plans to South Florida for the taking of a deposition in the forum district. However, counsel for Guida states that he has no plans to visit South Florida for the remainder of the year. [ECF No. 25, ¶ 6].

6. A balancing of the interests involved, including economic considerations and the need for judicial supervision, suggests that the proper location for Guida's deposition is in Fort Lauderdale.

## MEMORANDUM OF LAW

In determining the place of an oral examination, an examining party may set the place for deposition "wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2)." El Camino Res. Ltd. v. Huntington Nat'l Bank, 2008 U.S. Dist. LEXIS 52688, 4 (W.D. Mich. 2008). Specifically, FRCP 26 provides that a court may, for good cause,

2

issue an order protecting a party or person from undue burden or expense, including specifying a time and place for depositions. See Culhane v. MSC Cruises (USA), Inc., 290 F. R. D. 565, 566 (S.D. Fla. 2013). While the general rule is that a defendant is to be deposed in his/her own forum, this court employs a balancing of interests to determine whether additional burdens or elements of discovery favor the taking of a deposition in another forum. See Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., 2009 U.S. Dist. LEXIS 92349 (S.D. Fla. 2009)("it is well settled that the district court has great discretion in designating the location of taking a deposition"); see also Mill-Run Tours, Inc. v. Khashoggi, 124 F. R. D. 547, 550 (S.D.N.Y. 1989)("courts retain substantial discretion to designate the site of a deposition").

Among the factors this court considers in determining proper location of a deposition are the overall economic considerations, including the burden of travel to the parties. In Culhane, the court considered whether a plaintiff residing in New York should be required to travel to Florida—the forum for the pending action—to be deposed. See 290 F. R. D. at 567. The court found that the economic factors "clearly weigh[ed]" in defendants' favor; counsel for all parties was located in Florida, and the prejudice defendants would suffer "outweigh[ed] the prejudice the Plaintiff [would] suffer if required to travel". Id. In the instant case, only one defendant—Guida—resides in Sumter County, FL. All other parties and their counsel—including Guida's counsel—reside in the forum district, the majority of those within Fort Lauderdale. See Farquhar v. Shelden, 116 F. R. D. 70, 72 (E.D. Mich. 1987)("While the location of the parties themselves is a primary factor, locations of their attorneys is also a relevant consideration.")  To impose The Villages as a place of deposition would require Plaintiff, his counsel, and the counsel for both Guida and City of Fort Lauderdale to travel approximately 260 miles. Therefore, the convenience and economic considerations favor deposing Guida in Fort Lauderdale. See Turner v. Prudential Ins. Co., 119 F.

R. D. 381, 384 (M.D.N.C. 1988)("The disparity in the inconvenience and financial burden on the parties favors plaintiff.")

In determining location of the deposition, the court should also consider the place of the transactions in question. All the relevant transactions at issue—including the ongoing joint action and City involvement—took place in the forum chosen by Plaintiff. It is the only focal point for all of the parties. See Mill-Run Tours, Inc., 124 F. R. D. at 550. Furthermore, defendant is currently gaining the benefits of this district as a creditor in the Fort Lauderdale Bridge Club's Bankruptcy action.[1] As a defendant who is gaining the benefits of this forum, Guida must also be subject to the burdens of litigation and the discovery process in this district. See Balu v. Costa Crociere S.P.A., 2011 U.S. Dist. LEXIS 85299 (S.D. Fla. 2011)("A defendant who has not asserted any claims in the forum of the litigation has the right to insist on being deposed in its home forum…")

Finally, the court must consider the problematic discovery process of this case as a reason to keep Guida's deposition in this district. Due to separate actions in Circuit Court against the Fort Lauderdale Bridge Club, Plaintiff has firsthand knowledge of the individual defendants' relevant conduct during discovery. It is not uncommon for the individuals named in those cases to deliberately refuse to bring requested documents to a deposition, or fail to appear for a deposition altogether. Such conduct has already been observed in this case as well, when both deponents Barbara Tate and Allen Bozek failed to bring any documents demanded in their respective Notices of Deposition[2]. [ECF Nos. 29 and 30]. These two examinations nearly prompted a request for

---

[1] The Fort Lauderdale Bridge Club, Inc. filed for Chapter 11 Bankruptcy on February 26, 2013 (Case No. 13-14289-LMI). Robert Guida is a listed creditor in the action, currently before the Honorable Judge Raymond Ray in this District's Bankruptcy Court.
[2] An oral examinations of these two defendants took place on October 15, 2013, at 9:00am and 10:00am, respectively.

4

immediate judicial intervention, and Plaintiff believes a similar concern may arise in future depositions, including Guida's.

Federal courts consistently find the need for judicial supervision a "much more compelling factor" than any of the previously discussed factors. See Mill-Run Tours, Inc., 124 F. R. D. at 552. In Mill-Run Tours, Inc., the court found that holding depositions in the forum district would "accelerate the resolution of [discovery] disputes and minimize the risk that any deposition will be interrupted for a significant period." See id. at 551. The court in El Camino Res. Ltd. shared this position and considered a history of contentiousness a sufficient basis for continued supervision by the forum. See 2008 U.S. Dist. LEXIS 52688 ("The ability to intervene in the event of a dispute is among the most significant factors this court must consider.")

Based on experience with the individual defendants in both prior cases and the instant case, Plaintiff anticipates discovery disputes will continue during the taking of Guida's deposition. Should such disputes arise, immediate access to this court would be necessary. Thus, the court should consider these concerns a compelling factor for requiring Guida's deposition be taken in Fort Lauderdale.

**WHEREFORE**, Plaintiff Rosen respectfully requests that this Court enter an Order declaring the proper location of defendant Robert Guida's deposition as Fort Lauderdale, and for such other relief this Court deems just and proper.

Dated October 15, 2013.

Respectfully submitted,

           /s/ Andrew L. Jimenez, Esq.
***Andrew Jimenez, Esq.***
Jimenez Law Offices, P.A.
***Of Counsel to Samuel D. Rosen***
100 SE 3rd Avenue, Suite 1514
Fort Lauderdale, FL 33394
Telephone: (954) 848-3111
Facsimile: (954) 252-4451
E-mail: Andrew@jimenezlawoffices.com
FL Bar No: 101106

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served via CM/ECF or Fax on October 15, 2013 on all counsel or parties of record on the Service List below.

  /s/ Andrew L. Jimenez, Esq.
Andrew L. Jiménez, Esq.
Jimenez Law Offices, P.A.
***Of Counsel to Samuel D. Rosen***
100 SE 3rd Avenue, Suite 1514
Fort Lauderdale, FL 33394
Telephone: (954) 848-3111
Facsimile: (954) 252-4451
Andrew@jimenezlawoffices.com
FL Bar No: 101106

## SERVICE LIST

**Samuel D. Rosen**
10175 Collins Avenue, Apt. 502
Bal Harbour, FL 33154
(305) 868-6096
Fax: 305-868-8906
*Plaintiff*

**Carl Werner Christy , Jr.**
Luks, Santaniello, Petrillo & Jones
110 SE 6th Street, 20th Floor
Fort Lauderdale, FL 33301
954-761-9900
Fax: 954-761-9940
Email: CCHRISTY@LS-LAW.COM
*Counsel for Allen Bozek, Charlotte Engleman, Robert Guida, and Barbara Tata, Defendants*

**Clark Jones Cochran , Jr.**
Billing Cochran Lyles Mauro & Ramsey
SunTrust Center, Sixth Floor
515 East Las Olas Blvd.
Fort Lauderdale, FL 33301
954-764-7150
Fax: 954-764-7279
Email: cjc@bchlm.com
*Counsel for City of Fort Lauderdale, Defendant*