UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61316-CIV-COHN/SELTZER

SAMUEL D. ROSEN,

    Plaintiff,

v.

ALLEN BOZEK, CHARLOTTE ENGLEMAN,
ROBERT GUIDA, BARBARA TATE, JOHN DOES
1-5, and THE CITY OF FORT LAUDERDALE,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon the Motion to Dismiss Plaintiff's Amended Verified Complaint [DE 5] of Defendant City of Fort Lauderdale (the "City") and the Motion to Dismiss Plaintiff's Amended Verified Complaint [DE 7] of Defendants Bozek, Engleman, Guida, and Tate (the "Individual Defendants"). The Court has reviewed the Motions, Plaintiff's Response [DE 20], and Defendants' Replies [DE 21 & 22], and is otherwise advised in the premises.

### I.   BACKGROUND

This action arises from Plaintiff's alleged mistreatment at the hands of the Fort Lauderdale Bridge Club (the "Bridge Club") and certain club members. Plaintiff alleges that a number of Bridge Club members, including Defendant Guida, wrongfully caused the Bridge Club to expel Plaintiff from its membership in February 2010. DE 4 ("Complaint") ¶¶ 15-16. Plaintiff successfully sued in state court to regain his membership with the Bridge Club. Id. ¶ 18. Plaintiff alleges, however, that most Bridge Club members boycotted him upon his return in November 2010. Id. ¶ 20. The Bridge

Club's leadership, including Defendants Engleman, Bozek, and Tate, allegedly encouraged the boycott and threatened to expel Plaintiff through 2013. Id. ¶¶ 19-28. Plaintiff alleges that their actions were malicious and taken in retaliation for his prior lawsuit against the Bridge Club. Id. ¶ 22.

Plaintiff subsequently filed suit in this Court, alleging that the Individual Defendants violated his right to petition under the First Amendment to the United States Constitution and under the Florida Constitution by retaliating against him for the filing of his state court lawsuit, and breached their fiduciary duties to him. Id. ¶¶ 32-38. Plaintiff brings each claim against the Individual Defendants and the City, but states at various points throughout his Complaint that he does not seek monetary relief against the City. Id. ¶¶ 13, 31. Defendants moved to dismiss on various grounds.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual

allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted).

### III.   ANALYSIS

In their Motions to Dismiss, Defendants argue that Plaintiff's section 1983 claim must fail because Plaintiff fails to allege the requisite state action. DE 5 at 4-6; DE 7 at 7; DE 21 at 5-6; DE 22 at 2-9. Similarly, Defendants argue that Plaintiff cannot vicariously attribute the alleged wrongdoing of the Individual Defendants to the City. DE 7 at 7; DE 22 at 6-7. The Court agrees that Plaintiff has failed to plead the necessary state action, and cannot otherwise link the alleged malfeasance of Bridge Club members to the City, thus his section 1983 claim must be dismissed. Moreover, because the dismissal of the section 1983 claim eliminates the basis for this Court's original subject matter jurisdiction over the action, the Court will decline to exercise supplemental jurisdiction over the remaining claims, and shall dismiss the action.

### A. Plaintiff Has Failed to Allege the Necessary State Action

Plaintiff fails to state a claim under 42 U.S.C. § 1983 because he does not allege the requisite state action. Section 1983 provides redress for harm inflicted under color of law. Plaintiff, however, alleges wrongdoing only by the Individual Defendants and other members of the Bridge Club. Plaintiff cannot convert this private conduct into state action by reference to an inapposite relationship between the City and the Bridge Club. Because Plaintiff fails to allege that he was harmed by state action, the Court will dismiss the section 1983 claim.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege (1) that Defendants deprived him of a constitutional or federal right and (2) that the deprivation occurred

under color of state law.  See Willis v. Univ. Health Servs., 993 F.2d 837, 840 (11th Cir. 1993).  Section 1983 does not generally provide for suit arising from actions taken by private individuals.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-51 (1999).  Only when the actions of private individuals can be characterized as state action are they the proper subject of a section 1983 suit.  Willis, 993 F.2d at 840.

      The Court may look to three tests to determine whether the actions of private entities constitute state action: (1) the public function test; (2) the state compulsion test; and (3) the joint action test.  NBC v. Commc'ns Workers of Am., 860 F.2d 1022, 1026 (11th Cir. 1988).  Plaintiff alleges that private entities, including the Individual Defendants, retaliated against him for suing the Bridge Club in state court.  Compl. ¶¶ 17-29.  Such private conduct would not ordinarily support a section 1983 claim.  See Willis, 993 F.2d at 840.  Nevertheless, Plaintiff argues that the joint action test applies here to convert the actions of the Individual Defendants into state action for the purposes of section 1983.  DE 20 at 4-5.  Specifically, Plaintiff relies upon Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263 (11th Cir. 2003) ("Focus"), to argue that the Bridge Club's relationship with the City was so involved that the wrongdoing of Bridge Club members is attributable to the City, and thus constitutes state action.  DE 20 at 3-5.[1]

      An examination of Focus, however, demonstrates why Plaintiff does not satisfy the joint action test.  In Focus, the Eleventh Circuit addressed a situation in which a government agency subcontracted with a media company for the management of

---

[1] Only the joint action test is at issue here.  Plaintiff does not contend that the operation of a bridge club is traditionally the exclusive prerogative of the state.  Nor does Plaintiff allege that the City has coerced, encouraged, or otherwise compelled the acts of which he complains.  See Willis, 993 F.2d at 840.

4

advertising space on city bus shelters.  344 F.3d at 1268.  The government agency dictated substantive criteria for approving advertisements, and reserved the right to review the subcontractor's decisions regarding which advertisements to place.  Id. at 1268-69.  When an evangelical organization sought to place advertisements critical of homosexuality, the subcontractor rejected the advertisements because of their substance.  Id. at 1269-70.  The evidence suggested either that the subcontractor had rejected the advertisements according to the government agency's criteria or that the government agency itself had directed the subcontractor to reject the advertisements. Id. at 1269-70, 1273-74.  The evangelical organization brought suit under section 1983, alleging that rejection of the advertisements violated its right to free speech under the First Amendment to the United States Constitution.  Id. at 1270-71.  The trial court ruled for the defendants on a motion for summary judgment, finding that the plaintiff had not established the state action necessary to its section 1983 claim, because the subcontractor—a private entity—had ultimately rejected the advertisements.  Id. at 1271.  The plaintiff evangelical organization appealed.  Id.

On appeal, the Eleventh Circuit noted that the subcontractor rejected the evangelical organization's advertisements as a direct result of the substantive criteria issued by the government agency or upon explicit directives from the agency.  Id. at 1278.  The court acknowledged that, as a general matter, "that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government."  Id.  However, such attribution *can* occur where "the symbiotic relationship . . . involve[s] the specific conduct of which the plaintiff complains."  Id. at 1278 (internal quotation marks omitted).  The Focus court

applied the join action test to hold that the subcontractor's rejection of the advertisements could have been state action, because the involvement of the government agency in the subcontractor's decision-making allegedly caused the plaintiff's harms.  Id.  "[T]his [was] not a case where a private actor in a contractual relationship with a governmental entity acted independently in harming a third party, but rather that the state, acting through a private entity, caused the third party's harm."  Id.

The Eleventh Circuit's decision in Focus neatly illustrates why Plaintiff has failed to plead state action.  Whereas the government agency in Focus allegedly caused a constitutional violation via its policies or its direct actions, the allegations herein conspicuously omit any suggestion that the City caused "the specific conduct of which the plaintiff complains."  Focus, 344 F.3d at 1278.  Plaintiff does not contend that the City dictated, by policy or by decree, that the Bridge Club expel or ostracize Plaintiff in retaliation for his filings in state court.  To the contrary, Plaintiff alleges that vindictive Bridge Club leaders and members retaliated against him on their own initiative.  Compl. ¶¶ 18-27.  With regard to the extent of interaction between the City and the Bridge Club, Plaintiff merely alleges that the two entities maintained an interdependent relationship, because the Bridge Club leases land from the City, the City determines terms by which Bridge Club membership is established, and so forth.  DE 20 at 6-7; Compl. ¶ 10.  The relationship between the City and the Bridge Club, as alleged, in no way contemplates the violation of Plaintiff's right to petition.  Unlike Focus, this suit thus presents a situation where "a private actor in a contractual relationship with a governmental entity acted independently in harming a third party," 344 F.3d at 1278, leaving the joint action test unsatisfied.  See Willis, 993 F.3d at 840-41 (rejecting contention that lease

6

containing conditions on hospital's operation sufficiently intertwined hospital and government lessor such that hospital's actions in firing plaintiff were "state action"). Because there is no nexus between the harms Plaintiff alleges on the one hand, and the relationship between the City and the Bridge Club on the other, Plaintiff has has failed to plead state action.  See Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1316-17 (11th Cir. 2000) (finding no state action where insufficient nexus existed between alleged harms and violator's relationship with government agency).

The result would not differ even were the Court to accept Plaintiff's contention that the City had entered into a joint venture with the Bridge Club for the purpose of operating a bridge club, or that the unremarkable lease agreement between the City and the Bridge Club, appended as an exhibit to Plaintiff's Response to the Motions to Dismiss [DE 20-1], is really a "joint venture agreement between the parties, euphemistically denominated a 'lease'" [DE 20 at 11].  No matter what Plaintiff calls the relationship between the City and the Bridge Club, Plaintiff does not allege that the relationship embraces the conduct which he contends caused his injuries.  The alleged misconduct of the the Bridge Club's members therefore is not attributable to the City, and does not constitute "state action" that could support a section 1983 claim against the City or the Individual Defendants.  See Focus, 344 F.3d at 1277-78; Patrick, 201 F.3d at 1316-17.

Finally, Plaintiff does not merely fail to allege sufficient facts to support a finding of state action; he affirmatively alleges that his injuries were caused by private conduct of private individuals.  Plaintiff has requested leave to amend his Complaint to include more detail regarding the relationship between the City and the Bridge Club in the event

7

that the Court finds the Complaint deficient.  DE 20 at 7 n.1, 10-11.  The addition of detail, however, cannot transform what is fundamentally private conduct of private individuals into state action.  The Court thus finds that amendment of the section 1983 claim is futile, and will dismiss the claim with prejudice.

### B.  The City Is Not Otherwise Liable for the Actions of the Individual Defendants

Plaintiff also fails to attribute liability for the Individual Defendants' conduct to the City under an agency or joint venture theory because vicarious liability is insufficient to support a section 1983 claim.  A municipality may be vicariously liable under section 1983 only if the municipality had a custom or policy that caused the alleged injuries.  Because Plaintiff has not alleged that the City had a custom or policy that caused him harm, he has failed to plead the City's liability arising from any sort of vicarious liability theory.

A municipal defendant cannot be held liable under section 1983 on a theory of ordinary vicarious liability.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992).  Instead, a plaintiff bringing a section 1983 claim against a municipality arising from the actions of another must also allege the existence of a municipal custom or policy that caused the violation of the plaintiff's constitutional rights.  Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1989)).

The Complaint is devoid of allegations regarding any City custom or policy leading to violations of Plaintiff's rights.  Indeed, the Complaint clearly alleges that several individuals within the Bridge Club performed the acts Plaintiff alleges caused him harm out of personal animosity towards Plaintiff or in retaliation for Plaintiff's filing of

8

a state-court lawsuit.  Compl. ¶¶ 15-29.  Because Plaintiff alleges that his injuries were caused by vindictive members of the Bridge Club, and not by any custom or policy of the City, he cannot impute liability to the City under section 1983 merely by virtue of the relationship he alleges between the Bridge Club and the City.  See Bloom v. Miami-Dade Cnty., 816 F. Supp. 2d 1265, 1281-82 (S.D. Fla. 2011) (rejecting argument that county was liable for actions of individuals where plaintiffs referenced no official county policy or custom resulting in unconstitutional behavior), aff'd, 498 F. App'x 867 (11th Cir. 2012).  Suggestions of vicarious liability therefore do not salvage Plaintiff's section 1983 claim.

### C. The Court Shall Decline to Exercise Supplemental Jurisdiction

Because this case does not implicate diversity jurisdiction, and because the Court shall dismiss the single claim supporting federal question jurisdiction, the Court may consider whether to decline to exercise supplemental jurisdiction over the remainder of the action.  The Court shall decline to exercise supplemental jurisdiction over the remaining state claims, and shall dismiss this action in its entirety.

The instant case does not involve diversity jurisdiction because complete diversity does not exist.  See 28 U.S.C. § 1332; Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994); see also Compl. ¶ 3 (alleging that all parties are Florida residents).  Although federal question jurisdiction over Plaintiff's section 1983 claim allowed for supplemental jurisdiction over his state law claims (see Compl. ¶ 2), the Court has now determined that the section 1983 claim must be dismissed.  Therefore, no basis for original jurisdiction remains.

A "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismiss prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will dismiss these claims without prejudice.

## IV.   CONCLUSION

In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The City's Motion to Dismiss Plaintiff's Amended Verified Complaint [DE 5] and the Individual Defendants' Motion to Dismiss Plaintiff's Amended Verified Complaint [DE 7] are **GRANTED**;

2. Plaintiff's First Claim for Relief, under 42 U.S.C. § 1983, is **DISMISSED with prejudice**;

3. Plaintiff's remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3); and

4. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of October, 2013

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF